UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **W.P.** | * | NO. 19-2383 |
| | * | |
| **VERSUS** | * | |
| | * | |
| **MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF; OPSO DEPUTY JOHNSON; OPSO DEPUTY JOHNSON 2; AND UNKNOWN DEPUTIES JOHN DOES 1, 2, AND 3** | * * * * * | |
| | * | SECTION "R" (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel come defendant, Marlin N. Gusman, the Sheriff of Orleans Parish, who answers petitioners' Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

### THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00

### FOURTH DEFENSE

Defendant categorically paragraph by paragraph alleges and avers as follows:

I.

The allegations of paragraph 1 of the complaint are denied in that it states a legal opinion or conclusion of law.

II.

The allegations of paragraph 2 of the complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of paragraph 3 of the complaint are admitted only as to the status of this defendant. All other allegations are denied.

IV.

The allegations of paragraph 4 of the complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of paragraph 5 of the complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of paragraph 6 of the complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of paragraph 7 of the complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of paragraph 8 of the complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of paragraph 9 of the complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of paragraph 10 of the complaint are denied.

XI.

The allegations of paragraph 11 of the complaint are denied.

XII.

The allegations of paragraph 12 of the complaint are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of paragraph 13 of the complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of paragraph 14 of the complaint are denied.

XV.

The allegations of paragraph 15 of the complaint are denied.

XVI.

The allegations of paragraph 16 of the complaint are denied.

XVII.

The allegations of paragraph 17 of the complaint are denied.

XVIII.

The allegations of paragraph 18 of the complaint are denied.

XIX.

The allegations of paragraph 19 of the complaint are denied on the grounds that the documents referred to are the best evidence of their terms and contents.

XX.

The allegations of paragraph 20 of the complaint are denied.

XXI.

The allegations of paragraph 21 of the complaint are denied.

XXII.

The allegations of paragraph 22 of the complaint are denied.

XXIII.

The allegations of paragraph 23 of the complaint are denied.

XXIV.

The allegations of paragraph 24 of the complaint are denied.

XXV.

The allegations of paragraph 25 of the complaint are denied on the grounds that the documents referred to are the best evidence of their terms and contents.

XXVI.

The allegations of paragraph 26 of the complaint are denied.

XXVII.

The allegations of paragraph 27 of the complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of paragraph 28 of the complaint are denied.

XXIX.

The allegations of paragraph 29 of the complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of paragraph 30 of the complaint are denied.

XXXI.

The allegations of paragraph 31 of the complaint are denied on the grounds that the documents referred to are the best evidence of their terms and contents.

XXXII.

The allegations of paragraph 32 of the complaint are denied.

XXXIII.

The allegations of paragraph 33 of the complaint are denied.

XXXIV.

The allegations of paragraph 34 of the complaint are denied.

XXXV.

The allegations of paragraph 35 of the complaint are denied.

XXXVI.

The allegations of paragraph 36 of the complaint are denied.

XXXVII.

The allegations of paragraph 37 of the complaint are denied.

XXXVIII.

The allegations of paragraph 38 of the complaint are denied.

XXXIX.

The allegations of paragraph 39 of the complaint are denied.

XL.

The allegations of paragraph 40 of the complaint are denied.

XLI.

The allegations of paragraph 41 of the complaint are denied.

XLII.

The allegations of paragraph 42 of the complaint are denied.

XLIII.

The allegations of paragraph 43 of the complaint are denied.

XLIV.

The allegations of paragraph 44 of the complaint are denied.

XLV.

The allegations of paragraph 45 of the complaint are denied.

XLVI.

The allegations of paragraph 46 of the complaint are denied.

XLVII.

The allegations of paragraph 47 of the complaint are denied.

XLVIII.

Defendants re-allege and reassert their responses to paragraphs 1 through 48 of the complaint.

XLIX.

The allegations of paragraph 49 of the complaint are denied.

L.

The allegations of paragraph 50 of the complaint are denied.

LI.

The allegations of paragraph 51 of the complaint are denied.

LII.

The allegations of paragraph 52 of the complaint are denied.

LIII.

The allegations of paragraph 53 of the complaint are denied.

### FIFTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the complainant in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

### SIXTH DEFENSE

Defendant herein pleads that any action taken by him was done in good faith and with probable cause, without malice and under laws believed to be constitutional.

### SEVENTH DEFENSE

That the complaint by virtue of W.P's. own actions and conduct was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

### EIGHTH DEFENSE

Defendant avers that at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

### NINTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

### TENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, complainant failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

**ELEVENTH DEFENSE**

In the alternative, defendant avers that plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom this defendant exercises no authority jurisdiction or control and for whose actions he is not legally responsible.

**TWELFTH DEFENSE**

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law

**THIRTEENTH DEFENSE**

As a political entity, defendant is entitled to and hereby pleads the statutory limitation of liability as provided for in LSA-R.S. 9:2798.1.

WHEREFORE, defendant prays that this answer be deemed good and sufficient and after due proceedings there be judgment herein dismissing complaint's Complaint with prejudice at his costs.

Respectfully submitted,

**ORLEANS PARISH SHERIFF'S OFFICE**

___/s/ Freeman R. Matthews_____
BLAKE J. ARCURI (LSBN 32322)
LAURA C. RODRIGUE (LSBN 30428)
FREEMAN R. MATTHEWS (LSBN 9050)
Orleans Parish Sheriff's Office
2800 Perdido St.
New Orleans, LA 70119
Telephone: 504.493.2107; Fax: 504.202.9454
arcurib@opso.us; rodriguela@opso.us
*COUNSEL FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this 9th day of April 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

                                                                  */s/Freeman R. Matthews*